FRANK WACHUTA v. JOHN E. HOLMBERG and Others.[1]

January 4, 1898.

Nos. 10,890—(183).

**Findings Supported by Evidence—Replevin—Fraudulent Sale.**
   *Held*, that the findings of fact herein were amply supported by the
evidence.

Action in the municipal court of Minneapolis against John E.
Holmberg, sheriff of Hennepin county, to recover two barrels of
whisky or their value, stated to be $130.   Thereupon D. Sachs and
others, constituting the firm of D. Sachs & Sons, intervened claim-
ing one barrel of this whisky.   Upon a trial the court, W. A. Kerr,
J., made the findings given in the opinion and ordered judgment
for the return to intervenors of the whisky in question or for $156.
From a judgment entered pursuant to these findings, plaintiff ap-
pealed.   Affirmed.
   *Merrick & Merrick*, for appellant.
   *Simon Meyers*, for respondents.

COLLINS, J.
   Action in claim and delivery for a barrel of whisky.   The re-
spondents, wholesale liquor dealers, claiming to be the real owners
and entitled to possession, were permitted to intervene.
   The case was tried by the court without a jury, and its findings
were that the respondents were induced by means of certain false
and fraudulent statements and representations made to them by
one Benson to sell upon credit and to deliver to him the whisky
in question; that he did not pay for the same; that, while greatly
in debt, said Benson sold out his saloon business to the plaintiff,
and at the same time, but as a separate transaction, sold and de-
livered to plaintiff this particular barrel of whisky of the value of
$156, and another barrel of the value of $161,—a total of $317,—
for the sum of $125, of which $50 only was paid in cash, credit
being given for the balance.   It was also found that this sale

   [1] Reported in 73 N. W. 637.

was made by Benson with intent on his part to defraud these respondents and other creditors, that plaintiff at the time had knowledge of facts and circumstances sufficient to put a man of ordinary care and prudence on inquiry touching Benson's intent, and also that plaintiff had notice and knowledge at the time of Benson's fraudulent intention and design. As a conclusion of law it was found that the sale from Benson to plaintiff was fraudulent and void as to the respondents, judgment being ordered in their favor.

The only question raised by the appeal is whether these findings are supported by the evidence, it being claimed by appellant's attorneys that it conclusively appeared from the proofs that their client was a bona fide purchaser from Benson, vendee, without notice of the alleged fraud upon the intervening vendors.

We do not see how, upon the evidence, the court below could have found for plaintiff. That Benson secured possession of the whisky by false and fraudulent statements and representations, made as to his financial standing, was shown conclusively. And how any man of ordinary care and prudence could have bought these two barrels of whisky at the time, for the price, and under the circumstances which surrounded this transaction, without being convinced that an arrant fraud was being perpetrated upon Benson's creditors, if he had any, and especially upon the respondents, is beyond comprehension. We need not dwell upon these facts and circumstances. They were amply sufficient to warrant the findings.

Judgment affirmed.